92 F.3d 1193
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Walter PHILLIPS; Maria Phillips; Orlino Ciriales; Maria
Ciriales; Joyce Ciriales, through her Guardian ad
Litem Walter Phillips; Ray Baclig;
Victoria Baclig et al.,
Plaintiffs-Appellants,
v.
CITY OF SAN JOSE, a public entity; Louis Cobarruviaz, both
individually and in his capacity as Chief of Police for the
City of San Jose; Fujitsu America Inc.; CC & Associates;
Kent Cossey; Kroll Associates, Defendants-Appellees.
Walter PHILLIPS; Maria Phillips; Orlino Ciriales; Maria
Ciriales; Joyce Ciriales, through her Guardian ad Litem
Walter Phillips; Ray Baclig; Victoria Baclig,
Plaintiffs-Appellees-Cross-Appellants,
v.
CITY OF SAN JOSE, a public entity; Louis Cobarruviaz, both
individually and in his capacity as Chief of Police for the
City of San Jose; CC & Associates; Kent Cossey; Kroll
Associates, Defendants-Cross-Appellees,
and
Fujitsu America Inc.; Fujitsu Computer Products of America,
Defendants-Appellants/Cross-Appellees.
 No. 95-15131, 95-15174.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 10, 1996.*
Decided Aug. 1, 1996.
 
 Before: GOODWIN, PREGERSON and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Plaintiffs failed to allege facts amounting to a constitutional violation. They neither cite precedent nor make any reasonable argument for the claim that public surveillance interferes with familial association. As for their Fourth Amendment claim, plaintiffs plead no facts that can be interpreted as search or seizure. As their allegations that defendants violated specific constitutional protections find no grounding in the Constitution, their substantive due process complaint isn't barred under Armendariz v. Penman, 75 F.3d 1311, 1319 (9th Cir.1996) (en banc). Their complaint, however, fails to state a due process claim because the conduct alleged neither impinges on liberties "deeply rooted in this Nation's history and tradition," id. (quoting Moore v. East Cleveland, 431 U.S. 494, 503 (1977)), nor would such conduct by the police shock the conscience to the point of constitutional violation, see Rochin v. California, 342 U.S. 165, 172 (1952).
 
 
 3
 The district court did not abuse its discretion in denying leave to amend the complaint, as plaintiffs had reasonable opportunity to amend before the district court's ruling. See Westlands Water Dist. v. Firebaugh Canal, 10 F.3d 667, 677 (9th Cir.1993).
 
 
 4
 Because we affirm the district court's judgment, we need not decide questions raised on cross-appeal.
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3